UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                          CASE NO.

ROBERT ROLAND GOODWIN                                           05-00843-5-ATS
GAYLENE NELL GOODWIN

    DEBTORS

ORDER REGARDING REAFFIRMATION AGREEMENT

A hearing took place in Raleigh, North Carolina on June 1, 2005, to consider whether to approve a reaffirmation agreement between the pro se chapter 7 debtors, Robert Roland Goodwin and Gaylene Nell Goodwin, and Chase Home Finance LLC ("Chase").

The Goodwins financed their residence at 1624 Lawson Lane, Apex, North Carolina 27502 through Chase and wish to reaffirm their obligation, which is secured by the residence.  The court explained the consequences of the reaffirmation agreement and informed the Goodwins that they are not required to enter into such an agreement.  The court also explained that they have the right to rescind the reaffirmation agreement at any time before discharge is entered or within 60 days after the agreement was filed with the court, whichever is later.  The reaffirmation agreement was filed on April 25, 2005, and the discharge has not been entered.

The Goodwins stated in the reaffirmation agreement that it will not impose an undue hardship on them.  They stated in court that they

were current with their payments when they filed their petition, and that they have remained current postpetition.  The court explained that in this jurisdiction a secured creditor cannot repossess its collateral if the obligation is current, and, because the Goodwins are current, the reaffirmation agreement may not be in their best interest.  However, the decision rests with the debtors.[1]

The court finds that the reaffirmation agreement does not impose an undue hardship on the debtors or their dependents, but it may not be in their best interest.  If the debtors wish to rescind the reaffirmation agreement, they may do so by notifying the bankruptcy clerk's office in writing before the entry of the discharge order or within 60 days after the date the reaffirmation agreement was filed, whichever is later.

**SO ORDERED.**

**DATED:  June 2, 2005**

A. Thomas Small
United States Bankruptcy Judge

---

[1] In cases in which a debtor appears without counsel, 11 U.S.C. § 524(c)(6)(A) requires the court to find that a reaffirmation agreement (1) does not impose an undue hardship on the debtor and (2) is in the best interest of the debtor.  This provision does not apply where the debt is a consumer debt secured by real property.  11 U.S.C. § 524(c)(6)(B).